UNITED STATES DISTRICT COURT OF NEW JERSEY

MOTION DATE: <u>December 27, 2005</u>

| | |
|---|---|
| SUNBEAM PRODUCTS, INC., <br><br> Plaintiff <br><br> v. <br><br> DELONGHI AMERICA, INC. and CAPRESSO, INC., <br><br> Defendants. | Civil Action No.: 05-cv-1135 <br> Judge William H. Walls <br> Magistrate Judge Susan D. Wigenton <br><br> RULE 56 STATEMENT <br> IN SUPPORT OF MOTION FOR <br> PARTIAL SUMMARY JUDGMENT OF <br> DELONGHI AMERICA, INC. |

Pursuant to Rule 56, Fed.R.Civ.P., Defendant, DeLonghi America, Inc. ("DeLonghi"), submits the following statement of material facts that are not in dispute in support of its motion seeking partial summary judgment based on the failure by Plaintiff Sunbeam Products, Inc. ("Sunbeam") to comply with 35 U.S.C. § 287(a).

Undisputed Facts

1. The only count in the Complaint filed by Sunbeam is an allegation of infringement of U.S. Patent No. 5,699,719. See, Exhibit 6 to the Declaration of John F. Gallagher III (herein the "Gallagher Decl.").

2. The '719 patent is the only patent asserted in this action. Gallagher Decl. Exh. 6.

3. The relief sought by Sunbeam in its Complaint is for an "Order [that] Defendants ... account for and pay to Plaintiff all damages caused to Plaintiff" based on the alleged infringement of the '719 patent. See, page 3 ¶ D of Exh. 6 to the Gallagher Decl.

4. DeLonghi alleged as an affirmative defense that "Sunbeam is not entitled to damages of any acts of alleged infringement occurring prior to the service of the Complaint due to failure of Plaintiff and/or its licensees to mark its products in compliance with 35 U.S.C.

§ 287." Gallagher Decl., ¶ 7.

5. Four DeLonghi models have been identified as allegedly providing the basis for Sunbeam's accusation of infringement:

    a. DC-80TC;

    b. DC-85SC;

    c. DC-77TC; and

    d. DC-55TCW.

6. By letter dated October 29, 2001, Plaintiff Sunbeam first informed DeLonghi that it alleged infringement of the '719 patent, solely in regard to DeLonghi product model number DC-80TC. Gallagher Decl., Exh. 9.

7. The October 29, 2001, letter was solely in regard to DeLonghi product model number DC-80TC. Gallagher Decl., Exh. 9.

8. Only on receipt of *Plaintiff Sunbeam Products, Inc.'s Statement Of Alleged Infringement* (hereinafter the "Sunbeam Statement") in late January 2005 did Sunbeam first provide to DeLonghi any indication that its allegation of infringement was related to DeLonghi product model numbers DC-85TC, DC-77TC and DC-55TCW. The Sunbeam Statement is dated January 20, 2005. Gallagher Decl., Exh. 10.

9. Fact discovery closed on November 18, 2005, and the limited further depositions under Rule 30(b)(6), Fed.R.Civ.P., of Sunbeam have been completed.

10. Sunbeam provided a witness who provided testimony responsive to a topic number 6 of the Rule 30(b)(6), Fed.R.Civ.P., deposition notice.

11. Topic number 6 relates to Sunbeam's "marking of Products, including identification of

the first date that you affixed to any Product the marking of 'Pat. 5,699,719', 'Patent 5,699,719' or the like." Gallagher Decl., Exh. 5.

12. Sunbeam provided a witness who provided testimony responsive to a topic number 7 of the Rule 30(b)(6), Fed.R.Civ.P., deposition notice.

13. Topic number 7 relates to "Identification of each model number, style number or other identifier of each apparatus to which you affixed marking of 'Pat. 5,699,719', 'Patent 5,699,719' or the like." Gallagher Decl., Exh. 5.

14. Sunbeam provided a witness who provided testimony responsive to a topic number 8 of the Rule 30(b)(6), Fed.R.Civ.P., deposition notice.

15. Topic number 8 relates to "The procedure(s) [Sunbeam] implemented to ensure continuous marking, pursuant to 35 U.S.C. § 287(a), of substantially all Products made by you or on your behalf." Gallagher Decl., Exh. 5.

16. Sunbeam did not object to any of these topics, each of which probed the issue of marking under 35 U.S.C. § 287(a).

17. Sunbeam's patented article is a coffee maker.

18. Sunbeam's patented article is of the character that allows for marking with the patent number to be affixed thereon.

19. Sunbeam failed to affix any marking on its patented product that included the patent number.

20. In regard to the topic of marking and 35 U.S.C. § 287(a), Sunbeam's Rule 30(b)(6), Fed.R.Civ.P., witness testified that:

>     10    Q.    Let me break it down. For the

11 product at issue that Sunbeam contends is its
12 embodiment of the 719 patent, could the patent
13 number actually be put on that product itself?
14    A.    Theoretically it could.
15    Q.    How about in practice, could it?
16    A.    **It can in practice,** but it's
17 impractical many times from a business perspective.
18    Q.    What makes it impractical?
19    A.    What I've been told is our mold
20 changes sometimes, you know -- if you're going to
21 put it on the product, typically it's put into the
22 mold. You know, these are all plastic parts, or
23 typically they are all plastic parts, and when you
24 change a product or change a feature or add a
25 feature, then that requires some type of change to
1 the mold. If you don't pay the maintenance fee,
2 then generally you want to change the mold, and for,
3 you know, it costs money and it's very inconvenient,
4 so most of the time we put the marking on the
5 package.
6    Q.    For convenience?
7    A.    Well, for -- I don't know if it's
8 convenience, I mean it's for economy, for you know,
9 saving money in one respect, you know.
10    Q.    Is economy or saving money one of the
11 circumstances contemplated under the statute that
12 would make affixing the patent number to the product
13 something that's not required?
14         MR. DONAHUE: Object, calling for a
15 legal conclusion.
16    A.    Yeah, I don't know what -- there may
17 be some case law out there that, you know, provides
18 for exclusions, I don't know.
19    Q.    Is it Sunbeam's contention in this
20 case that the profits it seeks to recover are based
21 on its having provided notice to the public by its
22 marking; is that a fair statement?
23    A.    Well, that's kind of a legal
24 conclusion. That's difficult for me to answer.
25    Q.    What would help you answer that?
1    A.    Oh, I guess a lot of further detailed
2 research into the exact history of marking, the
3 extent of marking, if any of the packages slipped

> 4   through the cracks, if you will.
> 5       Q.   And that research that you referred
> 6   to, is that a factual research exercise?
> 7       A.   Yes, just to see if there's some case
> 8   law out there that would support that. I mean I
> 9   can't -- I can't make that determination, I'm not an
> 10  expert on, you know, marking.

Gallagher Decl., Exh. 3, pages 348-350.

21. In regard to the topic of marking and 35 U.S.C. § 287(a), Sunbeam's Rule 30(b)(6),

Fed.R.Civ.P., witness testified that:

> 19      Q.   Could marking of the products at
> 20  issue been done by putting a sticker on the
> 21  products, on the bottom of them?
> 22      A.   Most likely it could have happened
> 23  that way, yes, it could, it could.
> 24      Q.   And that wouldn't require a change of
> 25  molds, would it?
> 1       A.   Probably not.

Gallagher Decl., Exh. 3, pages 352-353.

22. In regard to the topic of marking and 35 U.S.C. § 287(a), Sunbeam's Rule 30(b)(6),

Fed.R.Civ.P., witness testified that:

> 17      Q.   Do you think we've received, based on
> 18  what's been discussed today and yesterday, documents
> 19  sufficient to show substantial and continuous
> 20  marking of each product that Sunbeam contends
> 21  embodies the 719 patent?
> 22      A.   We've provided as much as what we've
> 23  had -- what we have, which are the packagings.
> 24      Q.   Do you think that what was provided
> 25  shows substantial and continuous marking?
> 1       A.   **No.**

Gallagher Decl., Exh. 3, page 416-417.

Dated: November 28, 2005
       Uniondale, New York

Respectfully submitted,
Dilworth & Barrese, LLP

By: _____
   John F. Gallagher III
333 Earle Ovington Blvd.
Uniondale, NY 11553
(516) 228-8484
Attorneys for Defendant
DeLonghi America, Inc.


Brickfield & Donahue

By: _____
   Paul B. Brickfield, Esq.
70 Grand Ave., Suite 102
River Edge, NJ 07661
(201) 488-7707
Attorneys for Defendant
DeLonghi America, Inc.