NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SUNBEAM PRODUCTS, INC., : | |
| : | |
| Plaintiff, : | **OPINION** |
| : | |
| v. : | Civ. No. 05-1135 (WHW) |
| : | |
| DELONGHI AMERICA, INC. and : | |
| CAPRESSO, INC., : | |
| : | |
| Defendants. : | |

**Walls, Senior District Judge**

Before the Court is Defendant Delonghi, America Inc.'s ("DeLonghi) motion for reconsideration. Delonghi asks the Court to amend its Opinion to: (1) correct a typographic error in its construction of Claim 1 and (2) to amend its January 3, 2007 Opinion to include Claim Construction for claims 6, 8, 11, 16, 17, 20, 21, 22 and 23. The motion to correct the typographic error is granted. The motion to amend the Opinion is denied, but the parties are ordered to submit proposed claim constructions for the disputed terms in claims 6, 8, 11, 16, 17, 20, 21, 22 and 23 within ten (10) days of the settlement conference in the event that the settlement negotiations are unsuccessful.

**FACTS & PROCEDURAL HISTORY**

Plaintiff Sunbeam Products, Inc. ("Sunbeam") filed suit against Defendants DeLonghi America, Inc. ("DeLonghi") and Capresso, Inc. ("Capresso") on June 3, 2004 alleging

**NOT FOR PUBLICATION**

infringement, under the patent laws of the United States, 35 U.S.C. § 101, et seq., of U.S. Patent No. 5,699,719 ("the '719 patent"). The '719 patent generally covers a coffee maker with a brew-through lid that utilizes a pressure controlled valve that allows liquid to flow directly from a brewing basket through the lid and into the carafe (while simultaneously preventing liquid and heat from flowing the opposite direction). Defendants have countersued alleging invalidity and non-infringement of the '719 patent. DeLonghi alleges invalidity of Claims 1, 6, 7, 10, 11, 16, 17, 18, 20, 21, 22 and 23 of the '719 patent. Capresso alleges that all of the claims in the '719 patent are invalid.

      The application that led to the patent was filed with the U.S. Patent and Trademark Office on November 21, 1995. The '719 patent subsequently issued on December 23, 1997. Sunbeam alleges that the Capresso MT500 440 model (the "Capresso 440"), and the Capresso CoffeeTec 471 model (the"Capresso 471) infringe claims 1, 7, 10, and 18 and that DeLonghi's models DC8OTC, DC55TC, DC85SC, and DC77TC infringe Claims 1, 6, 7, 10, 16, and 18. Sunbeam only alleges literal infringement and has not made any allegations of infringement under the Doctrine of Equivalents.

      On March 28, 2006, Capresso filed a motion for summary judgment and to strike the expert report of John Sovis. On the same date, DeLonghi made a motion for summary judgment of non-infringement and invalidity. On December 18, 2006, the Court held a hearing on the motion to strike and on claim construction of the disputed terms. The Court granted Capresso's motion to strike the Sovis Report. On January 3, 2007, the Court issued an Opinion in which it constructed the disputed terms in claims 1, 7, 10 and 18 of the '719 patent. The Court did not construct Claims 6, 8, 11, 16, 17, 20, 21, 22 or 23 because the parties had not identified the

**NOT FOR PUBLICATION**

disputed terms or proposed constructions for these claims.

At the hearing, counsel were ordered to appear on Monday, March 26, 2007, at 10:30 a.m., to update the Court of any progress regarding settlement. On January 18, 2007, DeLonghi filed a motion for reconsideration. On April 30, 2007, the Court heard DeLonghi's motion for reconsideration and conducted a settlement conference. Due to time constraints, the parties were ordered to appear on May 31, 2007 at 10:00 a.m. to continue settlement discussions.

## STANDARD

Under Fed. R. Civ. P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry. Similarly, L. Civ. R. 7.1(i) allows a party to seek reconsideration of "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." The Third Circuit has held that the "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)) (internal quotations omitted). Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised before the entry of judgment. P. Schoenfled Asset Mgmt. L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001); 11 Charles A. Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 2006). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." Gutierrez v. Ashcroft, 289 F.Supp.2d 555, 561 (D.N.J. 2003) (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)).

**NOT FOR PUBLICATION**

Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) it is needed to correct a clear error of law or prevent a manifest injustice arises. <u>North River Ins. Co. v. CIGNA Reins. Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," <u>Yurecko v. Port Auth. Trans-Hudson Corp.</u> 279 F. Supp. 2d 606, 608 (D.N.J. 2003); <u>NL Indus. Inc. v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 516 (D.N.J. 1996), and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. <u>Yurecko</u>, 279 F. Supp. 2d at 609; <u>Pelham v. United States</u>, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

## DISCUSSION

**I**. **Claim Construction for "Pressure Controlled Valve"**

DeLonghi requests that the Court correct its claim construction for the term "pressure controlled valve," because it believes that the claim construction stated in the Opinion includes a typographic error. DeLonghi notes that the Court states: "the Court defers to the specific definition of 'pressure controlled valve' [that is found] [a]t the end of the specifications." However, the Opinion ommits the words "or by", as well as a preceding comma, which are found in the cited section of the specification of the '719 patent. The specification reads:

> As used herein, the term "pressure controlled valve" means that the described valves are moved between opened and closed positions by pressure of liquid and/or gas, and not by moving mechanical contact with any part or component**, or by** manipulation.

Col. 5, lines 13-17, of the '719 patent (emphasis added). DeLonghi asks the Court to amend its

**NOT FOR PUBLICATION**

Order to avoid any confusion.

The omission of the words ", or by" was a typographic error.  The Court amends its Order to reflect the correct construction.

## II.  Claim Construction for Claims 6, 8, 11, 16, 17, 20, 21, 22, and 23 of the '719 Patent

DeLonghi asks this Court to construct the terms in claims 6, 8, 11, 16, 17, 20, 21, 22 and 23 of the '719 patent.  DeLonghi suggests that in not construing these claims, the Court overlooked DeLonghi's invalidity counterclaim.[1]  DeLonghi argues that its invalidity counterclaim presents a justiciable issue independent of Sunbeam's charge of infringement.

DeLonghi points out that a declaratory judgment claim of invalidity is independent of a patentee's charge of infringement. See Cardinal Chem. Co. v. Morton Int'l, Inc., 113 S.Ct. 1967 (1993) (holding that a finding of noninfringement alone does not justify vacatur of a declaratory judgment of invalidity).  It argues that unless Sunbeam either acknowledges the invalidity of the other challenged claims of the '719 patent or covenants not to sue, it would be error for the Court to ignore the relief that DeLonghi has requested under the Declaratory Judgment Act. See 28 U.S.C. §2201(a).

The purpose of the December 18, 2007 hearing was to rule on Capresso's motion to strike the Sovis Report and to construct the disputed terms.  In the moving papers, the parties briefed their construction of key terms in claims 1, 7, 10, and 18.  It was evident that there was substantial dispute as to the proper construction of these terms and that the construction would have an impact on the dispositive motions.  The Court held a Markman hearing to allow the

---

[1] DeLonghi's summary judgment motion seeks a finding of invalidity of Claims 1, 6, 7, 10, 11, 16, 17, 18, 20, 21, 22 and 23 of the '719 patent.

**NOT FOR PUBLICATION**

parties to be heard on their construction of the disputed terms. None of the parties had briefed their construction of the terms in claims 6, 8, 11, 16, 17, 20, 21, 22, or 23, so it was not clear which terms were in dispute or what the parties' proposed constructions were. For that reason, the Court chose not to rule on the construction for those claims in its Opinion.

At no time, however, did the Court indicate that it was not going to consider DeLonghi's motion for summary judgement of invalidity. The Court has yet to rule on any of the dispositive motions and will not do so until after the second settlement conference, scheduled for May 31, 2007. It appears that a source of confusion on this issue was the Court's statement: "[a]t issue in this case are disputed terms in claims 1, 7, 10 and 18." (Opinion at 4). Perhaps a more careful wording would have stated: "This Opinion addresses the disputed terms in Claims 1, 7, 10, and 18, which have been briefed for the Court." Footnote one of the Opinion references claim 20 and the Court's decision not to construe that claim at the present time. DeLonghi had specifically asked the Court to construe claim 20 at the hearing. However, as the Court stated on the record, claim 20 was not the subject of the hearing since the parties had not set forth their proposed constructions in their briefs.

To date, the parties have not identified the disputed terms in claims 6, 8, 11, 16, 17, 20, 21, 22 and 23, let alone proposed a construction for the Court. Pages 20-25 of DeLonghi's summary judgment brief compare the '719 patent to the Johnson and Brown patents to suggest obviousness but do not address the proper interpretation of the terms. Accordingly, it was reasonable for the Court to decide not to construe the terms at that time.

In the event that settlement negotiations are unsuccessful, the Court will need to construe these claim. Therefore, the Court orders the parties to submit proposed constructions of claims 6,

**NOT FOR PUBLICATION**

8, 11, 16, 17, 20, 21, 22 and 23 by June 10, 2007 if the parties do not reach a settlement.

**CONCLUSION**

IT IS on this 2nd of May, 2007,

ORDERED that the construction of claim one is AMENDED to read:

> As used herein, the term "pressure controlled valve" means that the described valves are moved between opened and closed positions by pressure of liquid and/or gas, and not by moving mechanical contact with any part or component**, or by** manipulation.

and it is further

ORDERED that Plaintiff's motion to amend its January 3, 2007 Opinion is DENIED; and it is further

ORDERED that the parties brief and submit the disputed terms in claims 6, 8, 11, 16, 17, 20, 21, 22 within fifteen (15) days of the settlement conference in the event that settlement negotiations are unsuccessful.

                                               s/ William H. Walls
                                               **William H. Walls, U.S.D.J.**